IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:06-CR-83-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LINWOOD ROWLAND, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for reconsideration (DE 164) of the court's order denying his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] The government did not respond to the motion.

Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 846. At defendant's sentencing, the court found defendant was responsible for distributing 47,114.95 grams of cocaine base and 2,633 grams of powder cocaine. This drug weight produced a base offense level of 38 under the United States Sentencing Guidelines. The final base offense level, after all enhancements and reductions, was 41. With a criminal history category II, defendant's Guidelines range was 360 months' to life imprisonment. The court sentenced defendant to 252 months' imprisonment and 5 years' supervised release.

---

[1] Also pending, but not ripe, is defendant's motion for reduction of sentence under the First Step Act of 2018 (DE 166). The court will address that motion in a separate order.

After sentencing, defendant filed two motions for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that the court "may reduce" a sentence for a defendant whose term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Defendant's second motion for sentence reduction was based on Amendment 782 to the United States Sentencing Guidelines, which increased the quantity of cocaine base necessary to trigger a base offense level of 38 from 8.4 kilograms to 25.2 kilograms. See U.S.S.G. supp. app. C, amend. 782 (effective Nov. 1, 2014). Amendment 782 applies retroactively, thus permitting defendants to seek sentence reductions under § 3582(c)(2). Id. However, the amendment does not have the effect of lowering the Guidelines range if the amount of cocaine base the court found attributable to defendant exceeded 25.2 kilograms because in that circumstance the base offense level of 38 would still apply. See id.; United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016).

As set forth above, the court found defendant responsible for distributing 47 kilograms of cocaine base, well above the 25.2-kilogram threshold necessary to find a base offense level of 38 under Amendment 782. Accordingly, the court denied defendant's second motion for sentence reduction.

In the instant motion for reconsideration, defendant argues the court's ruling was erroneous because the court should have permitted him to present evidence contesting the drug quantity the court found attributable to him at sentencing before resolving his § 3582(c) motion. The United States Court of Appeals for the Fourth Circuit has held "that a district court may make additional findings on the drug quantity attributable to a defendant [in a § 3582(c) proceeding]. Such findings cannot contradict earlier ones and must be supported by the record." Peters, 843 F.3d at 578. For

example, in Peters, the district court found that defendant was responsible for "well in excess of 4.5 kilograms" of cocaine base at sentencing, but did not specify the precise drug weight. Id. at 576. The Fourth Circuit held that the district court could make additional findings with respect to the drug quantity to determine if defendant was eligible for a sentence reduction under § 3582(c), but only to the extent such findings did not contradict the court's earlier finding that defendant distributed in excess of 4.5 kilograms of cocaine base. Id. at 578.

Here, as discussed above, the court found defendant responsible for distributing 47 kilograms of cocaine base. Pursuant to Peters, the court has no authority to find defendant distributed less than 47 kilograms of cocaine base in this § 3582(c) proceeding. Id. at 578. Accordingly, the court properly denied defendant's motion for sentence reduction because Amendment 782 did not have the effect of lowering defendant's Guidelines range in light of the amount of cocaine base involved in his offense. Based on the foregoing, the court DENIES defendant's motion for reconsideration (DE 164).

SO ORDERED, this the 6th day of August, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge